[No. 29441-2-III.    Division Three.    February 7, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN J. SNEDDEN, *Appellant*.

*Kenneth H. Kato*, for appellant.

*Steven J. Tucker, Prosecuting Attorney,* and *Mark E. Lindsey* and *Andrew J. Metts III, Deputies,* for respondent.

¶1 BROWN, J. — Steven J. Snedden appeals his conviction for felony indecent exposure with sexual motivation, incorrectly contending the sentencing court statutorily erred in imposing a 36-month community custody term. Accordingly, we affirm.

## FACTS

¶2 The State charged Mr. Snedden on December 16, 2008 with two counts of felony indecent exposure with sexual motivation. The charges involved two separate acts of indecent exposure involving the same victim at Eastern Washington University in September and October 2008. On July 14, 2010, Mr. Snedden pleaded guilty to one count of indecent exposure with sexual motivation as part of a plea agreement. The parties left open whether the community custody term should be 36 months or 12 months. Later, at sentencing on September 8, 2010, the State argued because the court was imposing a sentence in excess of one year on a sex offense, the appropriate term of community custody was 36 months. Mr. Snedden claimed community custody could be only 12 months. The State acknowledged it did not seek an exceptional sentence based on sexual motivation, but rather used it as a one-year enhancement.

¶3 The court imposed a 24-month sentence with 36 months of community custody, stating, "[T]hat's what's

recommended in the presentence report, so that's what I'm going to impose. Accordingly, the sentence is to the institution, and it is a sex offense. And so 36 months of community custody is appropriate, and that's what I will impose." Report of Proceedings (Sept. 8, 2010) at 12.

¶4 The judgment and sentence reflects the guilty plea to count I, a finding of sexual motivation in committing the offense (RCW 9.94A.835), the offense's unranked status, confinement of 24 months on count I, and 36 months' community custody for a sex offense. The court did not impose an exceptional sentence or check off the paragraph stating the confinement time on count I included 12 months as an enhancement for sexual motivation. Mr. Snedden appeals.

## ANALYSIS

¶5 The issue is whether the sentencing court erred by imposing 36 months of community custody instead of 12 months as urged by Mr. Snedden.

¶6 We review de novo whether the trial court had statutory authority to impose community custody conditions. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). If the condition is statutorily authorized, we review the sentencing court's decision to impose the condition for an abuse of discretion. *State v. Autrey*, 136 Wn. App. 460, 466-67, 150 P.3d 580 (2006). Discretion is abused if it is exercised without tenable grounds or reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

¶7 The law in effect at the time a criminal offense is committed controls the sentence. *State v. Schmidt*, 143 Wn.2d 658, 673-74, 23 P.3d 462 (2001). Mr. Snedden's crime occurred in late 2008. Former RCW 9.94A.505(2)(b) (2008) stated, "If a standard sentence range has not been established for the offender's crime, the court shall impose a determinate sentence which may include not more than one year of confinement; community restitution work; . . . a

term of community custody not to exceed one year; and/or other legal financial obligations."

■ ¶8 In late 2008, the legislature enacted RCW 9.94A.701 (effective August 1, 2009), which states, "If an offender is sentenced to the custody of the department for one of the following crimes, the court shall, in addition to the other terms of the sentence, sentence the offender to community custody for three years . . . (a) A sex offense not sentenced under RCW 9.94A.507." RCW 9.94A.701(1). Indecent exposure is not listed under RCW 9.94A.507(1)(a).

¶9 RCW 10.01.040 partly provides, "Whenever any criminal or penal statute shall be amended or repealed, all offenses committed . . . while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, *unless a contrary intention is expressly declared in the amendment or repealing act.*" (Emphasis added.) On the surface, it would appear that the laws covering community custody in effect in late 2008 would be applicable. But the legislature clarified its intent in Laws of 2008, chapter 231, section 6, which states courts are "to apply the provisions of the current community custody law to offenders sentenced after July 1, 2009, but who committed their crime prior to August 1, 2009, to the extent that such application is constitutionally permissible." This language evidences the legislature's "contrary intent" that RCW 9.94A.701(1) be applied to sentences after July 1, 2009 for crimes committed prior to August 1, 2009 when constitutionally permissible. RCW 10.01.040. Mr. Snedden fits into this category and makes no argument that the application of the current statute is constitutionally impermissible.

¶10 Accordingly, the sentencing court did not err by exceeding its authority in relying on RCW 9.94A.701 to impose 36 months of community custody.

¶11 Affirmed.

SWEENEY and SIDDOWAY, JJ., concur.