IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 69692-1-I |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY DEAN VIEAU, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 10, 2014 |
| | ) | |

PER CURIAM — Larry Vieau appeals his conviction for second degree theft of an access device. He concedes the evidence proved beyond a reasonable doubt that someone stole Kimberly Hopper's wallet, checkbook, and bank cards while she was volunteering at a church. He argues, however, that the State failed to prove that he was the perpetrator. He also contends that his judgment and sentence contains a scrivener's error. We affirm.

Kimberly Hopper volunteers several days a week at the Victory Foursquare Church in Marysville. The church has east and west lobbies, with a large central sanctuary between them. Hopper works in an office adjacent to the east lobby and keeps her purse on a counter in the office. The counter is visible from the east lobby, which is separated from the office by a sliding glass door. There is also a door leading to the office from an adjacent hallway. The door is visible from the east lobby.

During the afternoon of March 22, 2012, Vieau entered the church through the east lobby and talked to Hopper through the sliding glass door to her office. He

asked whether the church had a hot meal program or a food bank. He also asked about gas vouchers, said he needed gas, and stated that his wife was ill. He said repeatedly that he needed money. Hopper said the church had a food bank, but it operated on a different day.

Another visitor, Cheryl Lynn Cunningham, approached and spoke to Vieau. When Vieau said his wife was in the hospital, Cunningham gave him $13.

Vieau remarked on the church's unusual interior, which included an ark and several unusual facades. Hopper took him on a tour of the church. After the tour, Vieau said he was going to send his wife in to see it. He left the church, and a few moments later his wife came in alone. Hopper gave her the same tour, which takes about five minutes.

As Hopper and Vieau's wife emerged from the sanctuary, Hopper noticed that Vieau was back in the church. He was walking quickly through the east lobby and heading straight outside. Hopper thought that "[h]e was walking too quickly – very quickly, almost like he didn't want to be seen." He did not say goodbye to Hopper or wait for his wife. It looked to Hopper like he was coming from the hallway leading to her office door.

When Vieau's wife left, Hopper went to her office to get a pen and noticed that her purse was more open than usual. She looked inside and realized that her wallet, which contained bank cards and checkbook, were gone. She looked for them in her car but they were not there.

Hopper called 911. She also called her bank and cancelled her bank cards. Police searched Vieau's car the following day but found nothing.

2

No. 69692-1-I/3

The State charged Vieau with second degree theft of an access device.[1] At trial, Hopper also testified that other than Cunningham, Vieau and his wife, she saw no one in the vicinity of her office on the day of the theft.

Vieau did not testify and the defense called no witnesses. A jury convicted him as charged.

## DECISION

Vieau contends his conviction is not supported by sufficient evidence. Evidence is sufficient if, when viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. State v. Green, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). A claim of insufficient evidence admits the truth of the State's evidence and all inferences that reasonably can be drawn from it. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Circumstantial evidence is as probative as direct evidence. State v. Vermillion, 66 Wn. App. 332, 342, 832 P.2d 95 (1992).

Vieau argues that the State failed to prove his guilt beyond a reasonable doubt because no one saw him take the wallet and there were other people in the church that day. This argument ignores substantial evidence that he had both the motive

---

[1] A person is guilty of second degree theft "if he or she commits theft of . . . [a]n access device." Former RCW 9A.56.040(1)(c) (2009). An access device is defined as "any card, . . . account number, or other means of account access that can be used . . . to obtain money, goods, services, or anything else of value." RCW 9A.56.010(1).

3

and opportunity to take the wallet, that he acted dishonestly when he told Cunningham his wife was in the hospital and took her money, and that he exhibited guilty knowledge when he hurriedly exited the church. Viewed in a light most favorable to the State, this evidence, and the reasonable inferences that can be drawn from it, were sufficient for a rational trier of fact to conclude that Vieau committed the offense.

Vieau also argues that his judgment and sentence should be remanded to correct a scrivener's error. Specifically, he contends the statutory provision under which he was charged, RCW 9A.56.040(1)(c), proscribes the theft of metal wire, not access devices. Although that statute was amended after Vieau's offense, the version of the statute in effect when he committed his offense proscribed theft of an access device. See former RCW 9A.56.040(1)(c) (2009). That version of the statute controls. State v. Snedden, 166 Wn. App. 541, 543, 271 P.3d 298 (2012). There was no scrivener's error.

Affirmed.

FOR THE COURT: