IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31465-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL LEON SHEMESH, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, A.C.J. — Michael L. Shemesh appeals his convictions for three counts of first degree rape of a child, two counts of second degree possession of depictions of a minor engaged in sexually explicit conduct, and one count of first degree child molestation. The sentencing court orally imposed an aggravated exceptional sentence based on the jury's finding the crimes were committed as part of ongoing sexual abuse of the victim and Mr. Shemesh abused a position of trust. First, Mr. Shemesh contends his state and federal constitutional speedy trial rights were violated because over three years elapsed before his trial. Second, he contends the court erred by imposing an aggravated exceptional sentence without written findings of fact and conclusions of law. We reject his speedy trial contention and affirm, but, under recent authority, we remand for the trial court to enter necessary written findings and conclusions.

FACTS

On August 14, 2009, the State charged Mr. Shemesh with three counts of first degree rape of a child, two counts of second degree possession of depictions of a minor engaged in sexually explicit conduct, and first degree child molestation based on alleged 2001 and 2006 events. The rape charges and molestation charge included special aggravating allegations of an ongoing pattern of abuse and violation of a position of trust. Mr. Shemesh was arraigned on August 12, 2009. Tonya Meehan-Corsi was appointed as defense counsel. Trial was set for September 28, 2009.

On September 16, 2009, the court granted the State's request for a mental health evaluation to determine Mr. Shemesh's competency and sanity. The matter was stayed pending a competency determination. The State's expert opined Mr. Shemesh was competent to stand trial; an order of competency was entered on November 25, 2009. The court then set trial for January 25, 2010.

On January 13, 2010, a stipulation for continuance/waiver of time for trial (CrR 3.3) and order of continuance was entered, setting a new trial date for February 1, 2010. The court inquired whether Mr. Shemesh was waiving his right to a speedy trial and Mr. Shemesh responded affirmatively.

On February 3, 2010, Mr. Shemesh requested new counsel, alleging mismanagement of the case. The court denied the motion, finding Ms. Meehan-Corsi reviewed police evidence, conducted victim interviews, and discovered several critical facts. Trial was then continued to March 1, 2010.

Another continuance was requested in mid-February at which time the court inquired whether Mr. Shemesh was waiving speedy trial and he again responded affirmatively. The new trial date was March 29, 2010.

On March 3, 2010, Mr. Shemesh successfully requested to have a second mental health evaluation performed to determine if he had the competency to proceed. A competency hearing was set for April 7, 2010 but was continued to April 14, 2010; at that time, Ms. Meehan-Corsi advised the court that Shawn Sant would likely be substituting in for her because the Office of Public Defense (OPD) was terminating her employment.

On April 13, 2010, Ms. Meehan-Corsi was removed from Mr. Shemesh's case and Mr. Sant was appointed as counsel. On April 14, 2010, Mr. Shemesh was ill, so the competency matter was continued until April 28, 2010. On April 28, 2010, Mr. Shemesh requested another continuance because OPD was going to reassign his case to another attorney due to a wage dispute between OPD and Mr. Sant.

On May 5, 2010, Ryan Swanberg was assigned as counsel and requested a one week continuance. The State then requested a continuance of two weeks to prepare. Mr. Shemesh did not object. The court granted the continuances and clarified the case was still stayed awaiting entry of an order of competency after the defense evaluation.

Between May 19, 2010 and July 14, 2010, several defense-requested continuances were granted to give counsel time to prepare. On July 14, 2010, the court entered a competency order. Trial was then set for September 7, 2010. No objection

3

was made to the setting of this date and no discussion occurred about the date not being in compliance with Mr. Shemesh's right to a speedy trial.

More continuance requests were made by Mr. Shemesh, and granted, in August 2010. Then, on August 18, 2010, the State expressed its displeasure with the ongoing continuances. Nevertheless, another continuance was granted on that day, resulting in a September 13, 2010 trial date. Mr. Shemesh acknowledged the September 13, 2010 trial date was within speedy trial limits. The parties then stipulated to another continuance, with Mr. Shemesh filing another waiver of time for trial, setting trial on October 25, 2010.

At an October 6, 2010 pretrial hearing, the State requested the court compel production of a DVD, which contained interviews of the minor victims by a child forensic interviewer. The State had previously provided copies of the DVDs to defense counsel, Ms. Meehan-Corsi, under an agreed protective order. At the hearing, neither Ms. Meehan-Corsi nor Mr. Sant were able to account for the whereabouts of the items. The October 6, 2010 hearing was continued one week at the request of the court.

At an October 13, 2010 pretrial hearing, the parties again addressed the missing DVDs. One week later, Mr. Shemesh requested reappointment of counsel. Mr. Shemesh argued Mr. Swanberg was delaying reviewing the State's evidence and not actively moving forward with his case. The court granted Mr. Shemesh's motion and disqualified Mr. Swanberg and Gary Metro was appointed as the new attorney. The court advised Mr. Shemesh that if his request for a new attorney was granted, it would

4

necessitate a 60-day continuance to allow new counsel to prepare. Mr. Shemesh acknowledged his understanding of that fact and indicated that he would be willing to sign a waiver of speedy trial to be appointed a new attorney. The new trial date was set for December 6, 2010.

More continuances were requested, and granted, in December 2010; Mr. Shemesh submitted another stipulation for continuance/waiver of time for trial. The State voiced its concerns to the court that the matter had been set for trial 16 times at this point. The court noted the State's frustration, but accepted the waiver and extended the trial date to February 14, 2011.

In 2011, the court granted numerous additional continuances, then on October 12, 2011, Mr. Metro was removed as defense counsel due to a reassignment by the OPD and Kevin Holt was assigned to replace him. Mr. Shemesh did not object.

At the time of Mr. Holt's appointment, speedy trial was set to run on the case on December 2, 2011, giving Mr. Holt 51 days to have the matter brought to trial. The alleged victims in the matter had been interviewed on two occasions by Mr. Shemesh's prior counsel and at least one interview had been tape-recorded. Additionally, Mr. Holt informed the court that Mr. Metro would be staying on the case to ease the transition of attorneys and they would work the case together. Mr. Shemesh did not object. Mr. Holt advised the court that even if Mr. Metro had not been removed as counsel of record, the trial would not have proceeded on the scheduled trial date due to Mr. Metro being

5

unprepared to proceed. Another stipulation for continuance/waiver of time for trial was entered and, over the State's objection, trial was reset to January 23, 2012.

The trial date was continued numerous times in 2012 at Mr. Shemesh's request with three additional stipulations for continuance/waiver of time for trial entered.

On August 26, 2012, Mr. Shemesh requested dismissal based on violations of CrR 3.3 (speedy trial rule), CrR 4.7 (discovery), and CrR 8.3 (governmental misconduct). This was the first assertion of a speedy trial right violation. The assertion related to the time period surrounding Ms. Meehan-Corsi's removal from the case and Mr. Metro's removal and replacement. The court reserved ruling on the matter until after trial. Mr. Shemesh successfully requested another continuance and trial was reset to November 26, 2012.

On October 30, 2012, Mr. Shemesh's attorney indicated he was re-interviewing witnesses and notified the court he needed time to secure a new investigator because Mr. Shemesh refused to work with the investigator who had been working the case since Ms. Meehan-Corsi was defense counsel.

On November 21, 2012, just five days before trial, Mr. Shemesh wrote a letter to the State indicating he wished to plead guilty to the crimes as charged. On the day of the hearing on the potential plea, Mr. Shemesh indicated he changed his mind. He, however, advised the court he was not ready for trial. The court did not wish to entertain another continuance request and advised Mr. Shemesh the matter would proceed to trial on November 26, 2012.

6

Trial finally commenced on November 26, 2012. The jury found Mr. Shemesh guilty as charged and found the specially alleged aggravating circumstances. On December 11, 2012, the court addressed Mr. Shemesh's prior dismissal motion. Mr. Shemesh focused on the time between the competency evaluation and the entry of the competency order. The court denied the motion, finding "the time period prior to the entry of the actual Order of Competency tolled any time for the trial until an actual Order of Competency was entered." Report of Proceedings (RP) (Dec. 11, 2012 ) at 1858.

The court sentenced Mr. Shemesh to a 600-month aggravated exceptional sentence. The court did not enter written findings of fact and conclusions of law, but stated, "The jury did find aggravating factors beyond a reasonable doubt. Based on that, the court finds it appropriate to follow the request of the prosecutor and sentence you to the term of 600 months." RP (Feb. 26, 2013) at 38. In the judgment and sentence, the court found "substantial and compelling reasons exist which justify an exceptional sentence" based on "[a]ggravating factors . . . found by a jury by special interrogatory." Clerk's Papers (CP) at 560. Mr. Shemesh appealed.

ANALYSIS

A. Speedy trial was not unreasonably delayed.

The issue is whether, under these facts, Mr. Shemesh's speedy trial rights under the state and federal constitutions were violated. He contends the over three year delay before trial exceeded a reasonable time and requires dismissal of all charges. Mr. Shemesh raises no CrR 3.3 speedy trial issues.

7

Both the United States Constitution and the Washington Constitution provide a criminal defendant with the right to a speedy public trial. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. Our state constitution "requires a method of analysis substantially the same as the federal Sixth Amendment analysis and does not afford a defendant greater speedy trial rights." *State v. Iniguez*, 167 Wn.2d 273, 290, 217 P.3d 768 (2009). This court reviews de novo constitutional speedy trial claims. *Id.* at 280.

A defendant's constitutional rights to a speedy trial attach when a charge is filed or an arrest is made, whichever occurs first. *State v. Corrado*, 94 Wn. App. 228, 232, 972 P.2d 515 (1999). Some pretrial delay is often "inevitable and wholly justifiable." *Doggett v. United States*, 505 U.S. 647, 656, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992). As recognized by Mr. Shemesh at page 12 of his opening brief, the constitutional speedy trial right does not involve a fixed time, but rather focuses on the expiration of a reasonable time. *State v. Monson*, 84 Wn. App. 703, 711, 929 P.2d 1186 (1997). Any constitutional "inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case." *Barker v. Wingo*, 407 U.S. 514, 522, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). As first articulated in *Barker*, in deciding reasonableness, we consider (1) the length of pretrial delay, (2) the reason for delay, (3) the defendant's assertion of his or her right, and (4) prejudice to the defendant. 407 U.S. at 530.

But to trigger this analysis, the defendant must first demonstrate that the "interval between accusation and trial has crossed the threshold dividing ordinary from

8

'presumptively prejudicial' delay." *Doggett*, 505 U.S. at 651-52 (quoting *Barker*, 407 U.S. at 530-31). We consider the duration of pretrial custody, the complexity of the charges, and the extent to which a case involves a reliance on eyewitness testimony. *Iniguez*, 167 Wn.2d at 292 (citing *Barker*, 407 U.S. at 531 & n.31). In *Iniguez*, our state Supreme Court found "presumptive[ ] prejudic[e]" based upon a delay of more than eight months. 167 Wn.2d at 291-92. Importantly, (1) the defendant had remained in custody throughout this period; (2) the charges against him were not complex; and (3) such a lengthy delay "could result in witnesses becoming unavailable or their memories fading," thus impairing his defense. *Iniguez*, 167 Wn.2d at 292. The *Iniguez* Court took pains to note this eight-month delay was, however, "just beyond the bare minimum needed to trigger the *Barker* inquiry." *Iniguez*, 167 Wn.2d at 293; s*ee also State v. Ollivier*, 178 Wn.2d 813, 828, 312 P.3d 1 (2013), *cert. denied*, 135 S. Ct. 71, 190 L. Ed. 2d 65 (2014) (23-month delay enough to trigger *Barker* analysis).

1. Length of the delay. The first *Barker* consideration is the length of the delay. Here, almost 40 months between being charged and trial is not ordinary. But, as the Ollivier court noted, longer periods have been found acceptable. *Ollivier*, 178 Wn.2d at 828; *see United States v. Lane*, 561 F.2d 1075 (2d Cir. 1977) (58-month delay was not excessive); *United States v. Porchay*, 651 F.3d 930, 940 (8th Cir. 2011) (39-month delay was not excessive, given the numerous motions, demands, and general effort by the defendant to delay matters). Moreover, "in numerous cases courts have not regarded delay as exceptionally long . . . particularly when the delay was attributable to

9

the defense." *Ollivier*, 178 Wn.2d at 828. Accordingly, the long delay in this case is not alone so excessive as to warrant a presumption of prejudice.

2. Reason given for the delays. Mr. Shemesh requested nearly every continuance; mostly over State objections. "Delay caused by defense counsel is chargeable to the defendant." *Ollivier*, 178 Wn.2d at 832. Mr. Shemesh makes three arguments to explain his excessive continuance requests; first, delays entering the second competency order, second, discovery issues, and third, a systematic OPD breakdown. His first two arguments are unpersuasive because both the delay involved the defense's fault. Moreover, these delays did not amount to a substantial amount of time. Mr. Shemesh's third argument regarding the alleged systematic OPD breakdown lacks merit since some of those delays were due to his uncooperativeness and, given the lengthy delays, OPD personnel changes and attorney-client frictions could be expected.

Given all, the delays were mainly caused by Mr. Shemesh's conduct in asking for them. Indeed, as time passed, the State actively began opposing his delay requests. None of the delays are attributed to the State. As noted by the *Ollivier* Court, "In summary, most of the continuances were sought by defense counsel to provide time for investigation and preparation of the defense. Time requested by the defense to prepare a defense is chargeable to the defendant, and this factor weighs heavily against the defendant." 178 Wn.2d at 837.

10

3. Defendant's assertion of his speedy trial rights. "The Court added in *Barker* that 'failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.'" *Ollivier*, 178 Wn.2d 837. "[T]he more serious the deprivation, the more likely a defendant is to complain. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Id.* at 837-38 (quoting *Barker*, 407 U.S. at 531-32). Mr. Shemesh repeatedly requested continuances throughout the proceedings with no mention of a speedy trial violation until three years had passed. Then, Mr. Shemesh requested dismissal on the same day he requested another continuance. His dismissal request was based on a small amount of time in the three year period; the court properly found, "the time period prior to the entry of the actual Order of Competency tolled any time for the trial until an actual Order of Competency was entered." RP (Dec. 11, 2012 ) at 1858. Given all, this consideration weighs against Mr. Shemesh because our record shows no attempt by him to bring this matter to a conclusion more quickly.

4. Prejudice to the defendant. Prejudice may consist of oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence. *Ollivier*, 178 Wn.2d at 840. "A defendant ordinarily must establish actual prejudice before a violation of the constitutional right to a speedy trial will be recognized." *Id.* Mr. Shemesh alleges oppressive pretrial incarceration, but he offers nothing more than self-serving statements, contained in a declaration he produced for a motion to dismiss

11

without cross-examination. No other evidence supports his allegations. His claims were expressly refuted by county jail staff testimony that he was treated the same as any other prisoner. "Moreover, his complaints about jail conditions do not suggest that conditions were oppressive; rather, the conditions are common to incarceration." *Ollivier*, 178 Wn.2d at 844.

In sum, balancing the *Barker* factors weighs against Mr. Shemesh. Given these facts, the overall delay, while long, was reasonable under the circumstances and thus, not constitutionally excessive. The reasons for the delay are primarily attributable to the defense because Mr. Shemesh sought numerous continuances to facilitate investigation and prepare his defense; he did not sufficiently assert his rights; the delay was not sufficiently extraordinary to be presumed prejudicial; and Mr. Shemesh fails to show particularized prejudice. Thus, we conclude no violation is shown of Mr. Shemesh's constitutional right to a speedy trial under the Sixth Amendment and article I, section 22.

B. Written findings and conclusions are required.

The issue is whether the trial court erred in failing to enter written findings of fact and conclusions of law supporting its imposition of an exceptional sentence. Mr. Shemesh contends the matter must be remanded. Whenever an exceptional sentence is imposed, "the court shall set forth the reasons for its decision in written findings of fact and conclusions of law." RCW 9.94A.535. The Supreme Court recently decided this issue after our briefing was complete, holding a trial court's failure to enter written findings of fact and conclusions of law to support an exceptional sentence requires

12

No. 31465-1-III
*State v. Shemesh*

remand. *State v. Friedlund*, ___ Wn.2d ___, 341 P.3d 280 (2015 WL 196506 at *4) (Jan. 15, 2015). There, the court reasoned, "the SRA's written findings provision requires exactly that – *written* findings. Permitting verbal reasoning – however comprehensive – to substitute for written findings ignores the plain language of the statute." *Id.* at ___ (2015 WL 196506 at *3). Accordingly, we remand for the trial court to enter written findings of fact and conclusions of law.

Affirmed and remanded for proceedings consistent with this opinion.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

13