# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48457-9-II |
| Respondent, | |
| v. | |
| ROBERT PATRICK JOSEPH HOGAN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. – Robert Patrick Joseph Hogan appeals his attempting to elude a pursuing police vehicle conviction. He contends that the trial court erred in denying his request for a lesser included offense instruction on failure to obey a police officer. We affirm.

FACTS

On August 21, 2015, around 9:00 p.m., Lewis County Sheriff's Deputy Scott Ferguson observed a red and white motorcycle enter State Route (SR) 603 without coming to a complete stop. The motorcycle was approximately 100 yards from Deputy Ferguson. He observed the driver wore a black helmet.

After the motorcycle entered the roadway without stopping, Deputy Ferguson activated his emergency lights and attempted to initiate a traffic stop. The deputy observed the motorcycle rapidly shifting through its gears. Deputy Ferguson attempted to keep up with the motorcycle, but even while travelling at 90 m.p.h., the deputy could not catch the motorcycle. The speed limit on SR 603 is 50 m.p.h.

The motorcycle turned onto Shorey Road. Shorey Road is "moderately rural" with "a lot of houses, a lot of driveways with multiple residences." 1 Report of Proceedings (RP) at 37. "It's fairly narrow. It's downhill grade . . . with limited visibility in some places." 1 RP at 39. The speed limit on Shorey Road is 35 m.p.h. Deputy Ferguson chased the motorcycle on Shorey Road, with his vehicle's emergency lights and siren on. Deputy Ferguson could again hear the motorcycle rapidly shift gears, over the sound of the siren. Deputy Ferguson's vehicle was travelling at 100 m.p.h., and he was losing ground on the motorcycle. For safety reasons, Deputy Ferguson ended his pursuit of the motorcycle after approximately 7 to 10 minutes.

Deputy Jason Mauermann responded as back up in a fully marked Lewis County Sheriff's vehicle. Deputy Mauermann spotted a person sitting on a red and white motorcycle at an intersection facing him with its lights off. The area was primarily residential with a speed limit of 25 m.p.h.

As Deputy Mauermann got closer to the motorcycle, the driver of the motorcycle took off at a high rate of speed and passed Deputy Mauermann. By the time Deputy Mauermann turned his vehicle around, the motorcycle had already distanced itself due to its high rate of speed. Deputy Mauermann observed the motorcycle's brake lights come on up ahead of him, saw the driver of the motorcycle turn without signaling, and then lost sight of the motorcycle. Deputy Mauermann

began to check the area's side roads and soon discovered a red and white motorcycle on its side with the driver lying beside it. The driver of the motorcycle was Hogan.

The State charged Hogan with attempting to elude a pursuing police vehicle. Hogan requested a lesser included jury instruction for failure to obey an officer. The trial court denied the proposed instruction, finding, "legally it applies but factually under the facts of this case, I agree with the State, it is not close." 1 RP at 122. The jury found Hogan guilty as charged. Hogan appeals.

## ANALYSIS

Hogan argues that the trial court erred in failing to give a failure to obey a police officer instruction. We hold that the trial court correctly determined that the evidentiary requisites for a lesser included offense were not satisfied.

A. LEGAL PRINCIPLES

"A defendant is entitled to an instruction on a lesser included offense if two conditions are met. First, each of the elements of the lesser offense must be a necessary element of the offense charged. Second, the evidence in the case must support an inference that the lesser crime was committed." *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978). The first element of the test is the legal prong, which we review de novo. *State v. Boswell*, 185 Wn. App. 321, 333, 340 P.3d 971 (2014), *review denied*, 183 Wn.2d 1005 (2015). The second element of the test is the factual prong, which we review for an abuse of discretion. *Id.* "'Discretion is abused if it is exercised without tenable grounds or reasons.'" *State v. Snedden*, 166 Wn. App. 541, 543, 271 P.3d 298 (2012) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

The parties do not dispute that the legal prong of the *Workman* test is satisfied. The question remaining is whether there was a factual basis for believing that only failure to obey a police officer was committed. The factual prong is satisfied when there is affirmative evidence showing that only the lesser crime actually was committed. *State v. Porter*, 150 Wn.2d 732, 737, 82 P.3d 234 (2004). The chance that the jury might simply disbelieve the State's evidence is not enough. *State v. Fernandez-Medina*, 141 Wn.2d 448, 456, 6 P.3d 1150 (2000).

A person commits the offense of attempting to elude a police vehicle if he or she, "willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle." RCW 46.61.024(1). To drive a vehicle "in a reckless manner" for purposes of the attempting to elude statute means driving in a rash or heedless manner, indifferent to the consequences. *State v. Ridgley*, 141 Wn. App. 771, 781, 174 P.3d 105 (2007). A person commits the offense of failure to obey a police officer if he or she "wilfully fails to stop when requested or signaled to do so by a person reasonably identifiable as a law enforcement officer." RCW 46.61.022. The distinguishing element between the two offenses is driving a vehicle in a reckless manner. A defendant charged with attempting to elude a pursuing police vehicle is entitled to an instruction on failure to obey a police officer only if there is affirmative evidence to show that only a failure to obey a police officer was committed.

B.      NO ABUSE OF DISCRETION

Hogan concedes there was sufficient evidence for a reasonable jury to find that he drove in a reckless manner. However, he argues that the evidence supports an inference that only the lesser

4

charge of failure to obey a police officer was committed and that the jury should have been the one to decide which of the two offenses he committed.

Here, the evidence shows Hogan was speeding through residential areas and reaching speeds over 100 m.p.h. in a 35 m.p.h. zone on a roadway that was narrow, downhill, and with limited visibility in areas. Deputy Ferguson stopped his pursuit because high speeds were unsafe in the area. Deputy Mauermann spotted Hogan sitting at an intersection with the motorcycle's headlights off. Hogan abruptly took off at a high rate of speed as Deputy Mauermann approached. The deputy then observed Hogan fail to use a turn signal when turning. Hogan drove so fast in a 25 m.p.h. zone that Deputy Mauermann lost sight of the motorcycle when attempting to pursue it. These facts show that Hogan was driving in a rash or heedless manner, indifferent to the consequences. *See State v. Young*, 158 Wn. App. 707, 723, 243 P.3d 172 (2010), *review denied,* 171 Wn.2d 1013 (2011) (excessive speeding, swerving, and running a stop sign are sufficient to establish driving in a rash or heedless manner); *see also State v. Hanna,* 123 Wn.2d 704, 713, 871 P.2d 135, *cert. denied*, 513 U.S. 919 (1994) ("the presumed fact of reckless driving more likely than not flows from the proved fact of Hanna's excessive speed.").

The evidence in this case supports the offense of attempting to elude a police officer rather than solely the offense of failure to obey a police officer. Hogan fails to point to any affirmative evidence showing that only the lesser crime of failure to obey a police officer was committed.[1] Consequently, we hold the trial court did not abuse its discretion when it declined to give the lesser included jury instruction for failure to obey a police officer.

---

[1] Hogan offers only a conclusory statement that "[t]he evidence supports an inference that only the lesser charge of failure to obey an officer was committed." Br. of Appellant at 6.

No.  48457-9-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

 

Lee, J.

We concur:

Maxa, A.C.J.

Melnick, J.