# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48859-1-II |
| Respondent, | |
| v. | |
| TOMMY LEE CROW, JR., | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Tommy Lee Crow Jr. appeals his aggravated exceptional sentence following a remand for resentencing. He argues (1) the resentencing court erred by failing to enter findings of fact regarding why deliberate cruelty justified his aggravated exceptional sentence, (2) the resentencing court erred by wrongly relying on an aggravator previously rejected by this court,[1] and (3) his aggravated exceptional sentence is clearly excessive. We affirm.[2]

## FACTS

### A.    CONVICTIONS

In 2009, a jury found Crow guilty of two counts of second degree murder involving the deaths of David Miller and Norman Peterson and one count of second degree arson. The jury also

---

[1] *In re Pers. Restraint of Crow*, 187 Wn. App. 414, 424, 349 P.3d 902 (2015).

[2] Crow also requests that we waive the imposition of appellate costs. Because the State has asserted that it will not be seeking costs if it prevails in this appeal, we do not impose appellate costs.

found the Good Samaritan sentencing aggravator for murdering Miller in retaliation for Miller reporting a friend's assault to law enforcement. The jury further found the deliberate cruelty sentencing aggravator for Peterson's murder for striking Peterson with a tree branch, putting him in a choke hold until he was incapacitated, and then throwing his body into a campsite fire.

For Miller's murder, the trial court imposed a 360-month exceptional sentence based on the Good Samaritan aggravating factor. For Peterson's murder, the trial court imposed a 300-month exceptional sentence based on the deliberate cruelty aggravating factor. Because these were serious violent offenses, the trial court ordered the two sentences to be served consecutively, resulting in a total sentence of 660 months imprisonment for the two murder convictions.[3] We affirmed the convictions in an unpublished opinion.[4]

B.      PERSONAL RESTRAINT PETITION

Crow then filed a personal restraint petition. *Crow*, 187 Wn. App. at 420. In 2015, we granted Crow's personal restraint petition in part. *Crow*, 187 Wn. App. at 417. We held that the evidence was insufficient to support the Good Samaritan sentencing aggravator. *Id*. at 424. Thus, we vacated Crow's sentence on both murder convictions and remanded for resentencing. *Id*. at 426.[5]

---

[3] The trial court also imposed 43 months for the second degree arson conviction, to be served concurrently with Crow's murder convictions. The sentence for the second degree arson charge has never been challenged.

[4] *State v. Crow*, noted at 158 Wn. App. 1002 (2010), *review denied*, 171 Wn.2d 1006 (2011).

[5] We also held that the sentencing court erroneously considered potential good time credits in adding 60 months to Crow's original sentence. *Crow,* 187 Wn. App. at 425-26. This was corrected at resentencing and is not the subject of this appeal.

C.    RESENTENCING

At the resentencing hearing, the court heard from Miller and Peterson's family members. The prosecutor recommended a total sentence of 600 months. Regarding Miller's murder, the prosecutor stated that the original sentencing judge commented that Miller acted with "extraordinary bravery" and that Miller "was killed in retaliation for being the snitch." Verbatim Report of Proceedings (VRP) (Apr. 21, 2016) at 12. The prosecutor then stated, "And so those circumstances considering, in addition to the facts of the crime, the State believes are still something for this Court to consider." VRP (Apr. 21, 2016) at 12. The prosecutor cautioned though that the retaliation should not be considered to support "an exceptional sentence." VRP (Apr. 21, 2016) at 12. The prosecutor clarified, "That's not allowed for under the law." VRP (Apr. 21, 2016) at 12. The prosecutor then stated that the "aggravators in the facts of the case" justify a sentence in "the top of the [sentencing] range." VRP (Apr. 21, 2016) at 13. Crow's standard sentencing range for the Miller murder was 165-265 months.

Defense counsel agreed that the court should resentence Crow to the high end of 265 months for the Miller murder. Defense counsel stated that he agreed with the prosecutor that "the factual basis that existed at the time for the jury to consider the good samaritan aggravator would justify a top-end-of-the-range sentence." VRP (Apr. 21, 2016) at 43. Defense counsel noted that the resentencing court did not have the "option" on the Miller murder to impose an exceptional sentence. VRP (Apr. 21, 2016) at 45. Defense counsel requested the original 80 month exceptional sentence on the Peterson murder based on the jury's deliberate cruelty finding.

The resentencing court imposed a standard range sentence of 265 months for the Miller murder and an aggravated exceptional sentence of 335 months for the Peterson murder (220

months plus 115 months for the aggravating factor of deliberate cruelty) to be run consecutively for a total sentence of 600 months. The resentencing court entered findings of fact and conclusions of law for an exceptional sentence. The resentencing court found, "[t]he defendant's conduct during the commission of this crime manifested deliberate cruelty to the victim, Norman Peterson." Clerk's Papers (CP) at 215. The resentencing court then concluded, "There are substantial and compelling reasons to impose an exceptional sentence." CP at 215.

During the resentencing hearing, the court stated that the crimes were "completely unacceptable, and heinous" and that the two victims had been described as "'brave, courageous'" and that the court would "give the additional label of 'heroes.'" VRP (Apr. 21, 2016) at 51. The resentencing court also stated that it was "bound by" the Court of Appeals decision to not allow one of the two aggravating factors. VRP (Apr. 21, 2016) at 52. The resentencing court continued:

> [T]he record reflects that the one aggravating factor fully supports adding 115 months to Count 2, specifically, and I believe that that is based upon the specific findings that [the original sentencing judge] put on the record orally and in writing that one of the aggravating factors, either one, would justify the exceptional sentence upward.

VRP (Apr. 21, 2016) at 52. Crow appeals.

## ANALYSIS

### A. LEGAL PRINCIPLES

Sentences must generally fall within the standard sentence range established by the Sentencing Reform Act of 1981. RCW 9.94A.505(2)(a)(i). The court may impose a sentence outside the standard range for an offense if it finds "that there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.535. An aggravated exceptional

sentence is appropriate when certain aggravating factors have been determined. RCW 9.94A.535(2), (3).

We review (1) whether the record supports the finding on the aggravating circumstances under the clearly erroneous standard, (2) whether, as a matter of law, the reasons justify an exceptional sentence under a de novo standard, and (3) whether the sentence is clearly excessive or too lenient under an abuse of discretion standard. *State v. Law*, 154 Wn.2d 85, 93, 110 P.3d 717 (2005).

B.      DELIBERATE CRUELTY AGGRAVATOR

Crow contends that the resentencing court erred by not entering specific findings of fact to support why the deliberate cruelty aggravator justified his exceptional sentence for the Peterson murder. We disagree.

"Whenever an exceptional sentence is imposed, 'the court shall set forth the reasons for its decision in written findings of fact and conclusions of law.'" *State v. Shemesh*, 187 Wn. App. 136, 148, 347 P.3d 1096, *review denied*, 184 Wn.2d 1007 (2015) (quoting RCW 9.94A.535). Remand is required when a trial court fails to enter written findings of fact and conclusions of law to support an exceptional sentence. *State v. Friedlund*, 182 Wn.2d 388, 395, 341 P.3d 280 (2015).

Our legislature has specified that a finding of deliberate cruelty justifies an exceptional sentence. RCW 9.94A.535(3)(a). Moreover, the factual basis for a finding of deliberate cruelty is within the province of the jury. *Blakely v. Washington*, 542 U.S. 296, 301-04, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004); RCW 9.94A.537(3). If the jury finds the alleged aggravating circumstances beyond a reasonable doubt, the trial judge is bound by the jury's finding and left "only with the legal conclusion of whether the facts alleged and found were sufficiently substantial

and compelling to warrant an exceptional sentence." *State v. Suleiman*, 158 Wn.2d 280, 290-91, 143 P.3d 795 (2006).

Here, the resentencing court stated, "[T]he record reflects that the one aggravating factor fully supports adding 115 months to Count 2." VRP (Apr. 21, 2016) at 52. The resentencing court then entered findings of fact and conclusions of law to support its exceptional sentence. (CP 215) The resentencing court found, "[t]he defendant's conduct during the commission of this crime manifested deliberate cruelty to the victim, Norman Peterson." CP at 215. This was based on the jury's special finding during Crow's trial. (*Crow*, 187 Wn. App. at 418) The resentencing court then concluded, "There are substantial and compelling reasons to impose an exceptional sentence." CP at 215.

The jury made the required finding and the resentencing court made the required legal conclusion. Accordingly, the sentencing court's findings and conclusions satisfy RCW 9.94A.535 and are sufficient to support the aggravated exceptional sentence for the Peterson murder.

C.     GOOD SAMARITAN AGGRAVATOR

Crow next contends the resentencing court erred by considering the Good Samaritan sentencing aggravator previously disapproved by this court to increase the exceptional sentence for the Peterson murder. We disagree.

As previously discussed, the jury decides aggravating factors that support an exceptional sentence. *Blakely*, 42 U.S. at 301-04. However, the aggravating factors must be supported by sufficient evidence. *State v. Stubbs*, 170 Wn.2d 117, 123, 240 P.3d 143 (2010). *In re Crow*, we held, "insufficient evidence supports the good Samaritan aggravator because Miller's act of reporting [a prior assault] to the police over a week after it occurred, while admirable, did not make

6

Miller a good Samaritan." 187 Wn. App. at 424. We then remanded for resentencing. At the resentencing hearing, the court heard from both Miller and Peterson's family members. During the resentencing hearing, the court stated that the crimes were "completely unacceptable, and heinous" and that the two victims had been described as "'brave'" and "'courageous'" and that the court would "give the additional label of 'heroes.'" VRP (Apr. 21, 2016) at 51. Based on these facts, Crow presumes the resentencing court considered the Good Samaritan sentencing aggravator in imposing the 115-month aggravated exceptional sentence for Peterson's murder. Crow's presumption is incorrect.

A sentencing court can consider the facts underlying a conviction when imposing a sentence. *State v. Witherspoon*, 180 Wn.2d 875, 905, 329 P.3d 888 (2014). Additionally, "the court shall . . . allow arguments from . . . the survivor of the victim." RCW 9.94A.500(1)

Here, the resentencing court was permitted to consider the victims' actions before the murders and consider the victims' family members' statements in deciding Crow's underlying sentences. To justify an aggravated exceptional sentence on the Peterson murder, the court was not permitted to rely on any aggravators except the jury's finding of deliberate cruelty. The resentencing court recognized this in its findings and conclusions, which state that the court only considered the deliberate cruelty aggravator. And the resentencing court expressly stated that it was "bound by" the Court of Appeals decision to not allow one of the two aggravating factors. VRP (Apr. 21, 2016) at 52. Thus, Crow's argument that the resentencing court impermissibly considered the Good Samaritan aggravator in sentencing him for the Peterson murder is unpersuasive.

D.    CLEARLY EXCESSIVE SENTENCE

Crow next argues the resentencing court's 335-month aggravated exceptional sentence for the Peterson murder was clearly excessive. He contends the resentencing court relied on facts relating to Miller's murder to impose a clearly excessive sentence for Peterson's murder. We disagree.

As set forth above, we review whether an exceptional sentence is clearly excessive for an abuse of discretion. *Law*, 154 Wn.2d at 93. The sentencing court has "'all but unbridled discretion'" in determining the structure and length of an exceptional sentence. *State v. France*, 176 Wn. App. 463, 470, 308 P.3d 812 (2013), *review denied*, 179 Wn.2d 1015 (2014) (quoting *State v. Halsey*, 140 Wn. App. 313, 325, 165 P.3d 409 (2007)). "Discretion is abused if it is exercised without tenable grounds or reasons." *State v. Snedden*, 166 Wn. App. 541, 543, 271 P.3d 298 (2012) (citing *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). A sentence is clearly excessive if it is clearly unreasonable. *State v. Ritchie*, 126 Wn.2d 388, 393, 894 P.2d 1308 (1995). When based on proper reasons, we will find an imposed exceptional sentence to be clearly excessive only if its length, in light of the record, "'shocks the conscience.'" *State v. Vaughn*, 83 Wn. App. 669, 681, 924 P.2d 27 (1996), *review denied*, 131 Wn.2d 1018 (1997) (quoting *Ritchie*, 126 Wn.2d at 396).

Here, the resentencing court imposed an aggravated exceptional sentence based on its finding that "[t]he defendant's conduct during the commission of this crime manifested deliberate cruelty to the victim, Norman Peterson." CP at 215. We have already held that the resentencing court did not rely on the Good Samaritan aggravator in imposing the aggravated exceptional sentence for Peterson's murder. Defense counsel requested that 80 months be added to Crow's

220-month standard-range sentence based on the deliberate cruelty factor. The resentencing court, instead, added 115 months. Because tenable grounds and reasons support the aggravated exceptional sentence and the length does not shock the conscience, we hold that a 335-month sentence for the Peterson murder is not clearly excessive.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Johanson, J.

Maxa, A.C.J.