# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55845-9-II |
| Respondent, | |
| v. | |
| MICK CHARLES WALLACE MCCORD, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J.—Mick Charles Wallace McCord was convicted and sentenced for multiple felonies. He appeals his exceptional sentence. The State concedes that the trial court imposed a sentence above the statutory maximum for count III. The State also concedes that the trial court failed to enter written findings of fact and conclusions of law to support the exceptional sentence above the standard range.

We accept the State's concessions and remand for the trial court to reduce the combined terms of confinement and community custody for count III so that the total sentence for that count does not exceed the statutory maximum. On remand, the trial court must also enter written findings and conclusions to support the exceptional sentence.

FACTS

In 2021, the State charged McCord with five counts: (I) first degree rape of a child, (II) first degree child molestation, (III) second degree child molestation, (IV) third degree rape of a child, and (V) first degree unlawful possession of a firearm. Second degree child molestation is a class B felony with a statutory maximum sentence of 120 months. RCW 9A.20.021(b), .44.086(2).

At trial, the jury found McCord guilty on all five counts. McCord had an offender score of 17 for counts I through IV. The standard range for count III, second degree child molestation, was 87 to 116 months.

At sentencing, the trial court imposed indeterminate sentences of 240 months to life and 198 months to life for counts I and II, with those sentences to be served concurrently. The trial court also imposed a sentence of 115 months plus 36 months of community custody for count III. The sentence for count IV was 60 months and the sentence for count V was 89 months. Counts III through V would be served concurrently to each other but consecutive to counts I and II.

The trial court imposed the consecutive sentences under RCW 9.94A.535(2)(c) because of McCord's high offender score, resulting in a total sentence term of 355 months to life of confinement plus 36 months of community custody. In imposing the exceptional sentence, the court orally considered McCord's criminal history and severity of his offenses, but it did not enter any written findings.

McCord appeals his sentence for count III because it exceeds the statutory maximum. He also asks this court to remand for the trial court to enter written findings in support of the exceptional sentence.

ANALYSIS

I. SENTENCE ON COUNT III

McCord argues, and the State concedes, that the trial court erred in imposing a combined term of confinement and community custody of 151 months for count III because it exceeded the statutory maximum of 120 months. We accept the State's concession.

We review issues involving a trial court's statutory authority de novo. *State v. Mann*, 146 Wn. App. 349, 357, 189 P.3d 843 (2008). A sentence may not exceed the statutory maximum term

set by the legislature. RCW 9.94A.505(5); *see State v. Slattum*, 173 Wn. App. 640, 653, 295 P.3d 788 (2013). "Calculation of a crime's statutory maximum penalty includes both time imprisoned and time on community custody." *Slattum*, 173 Wn. App. at 653. The appropriate remedy for an excessive sentence is remand for the trial court to impose a sentence within the statutory limits by reducing the community custody term. Former RCW 9.94A.701(9) (2010); *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012).

Here, the statutory maximum sentence for a class B felony is 10 years, or 120 months. RCW 9A.20.021(b). McCord correctly asserts that for count III, the trial court's imposition of a 115-month sentence plus 36 months of community custody results in 151 months, which exceeds the 120-month statutory maximum. The appropriate remedy, consistent with *Boyd*, is to remand for the trial court to reduce the community custody term to bring the total sentence within the 120-month maximum. 174 Wn.2d at 473.

## II. EXCEPTIONAL SENTENCE

McCord further argues that the trial court erred by not entering any written findings of fact and conclusions of law to support the exceptional sentence. The State agrees. We accept the State's concession.

RCW 9.94A.535 provides that if a trial court imposes a sentence outside the standard sentence range, it must issue written findings of fact and conclusions of law justifying the exceptional sentence. A trial court's failure to enter written findings and conclusions to support an exceptional sentence requires remand to enter such findings. *State v. Friedlund*, 182 Wn.2d 388, 395, 341 P.3d 280 (2015).

Here, the trial court made only oral findings justifying the exceptional sentence. "'Permitting verbal reasoning—however comprehensive—to substitute for written findings

ignores the plain language of the statute.'" *State v. Shemesh*, 187 Wn. App. 136, 148, 347 P.3d 1096 (2015) (quoting *Friedlund*, 182 Wn.2d at 394). Accordingly, we remand for the trial court to enter written findings and conclusions.

## CONCLUSION

We remand for the trial court to reduce McCord's community custody term for count III to bring the total sentence on that charge within the statutory maximum. The trial court must also enter findings of fact and conclusions of law to support the exceptional sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Lee, J.

Price, J.