FILED
COURT OF APPEALS
DIVISION II

2015 AUG 25 AM 8: 45

STATE OF WASHINGTON
BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46132-3-II |
| Respondent, | |
| v. | |
| JOHN E. WEITZEL, | UNPUBLISHED OPINION |
| Appellant. | |

J. SUTTON — John Weitzel appeals his exceptional sentence for second degree assault with two aggravating factors, arguing that the trial court failed to enter written findings of fact and conclusions of law to support the exceptional sentence imposed of 60 months. The State concedes the error. We accept the State's concession and remand the case for entry of the necessary findings and conclusions.

## FACTS

A police officer was dispatched to an emergency room, where N.K.B.[1] had been admitted. N.K.B. alleged that Weitzel, whom she had been dating for two years and living with for one year, had assaulted her. N.K.B. had two black eyes, a bruised and swollen right arm, and patches of hair pulled out. The State charged Weitzel with one count second degree assault with a domestic violence enhancement.[2] A jury convicted Weitzel of second degree assault. A jury also returned a special verdict, finding two aggravators, (1) the presence of domestic violence that manifested

---

[1] We refer to N.K.B. by her initials to protect the victim's privacy.

[2] The State also charged Weitzel with second degree rape with a domestic violence enhancement, but the jury found him not guilty as charged in count II.

deliberate cruelty or intimidation and (2) N.K.B.'s injuries substantially exceeded the level of bodily harm necessary to satisfy the elements. The standard range for second degree assault is three to nine months. The trial court imposed an exceptional sentence of 60 months confinement. The trial court orally explained that the aggravating factors served as the basis for the exceptional sentence, but did not enter written findings of fact or conclusions of law. Weitzel appeals.

ANALYSIS

Weitzel argues, and the State concedes, that the trial court erred in failing to enter written findings of facts and conclusions of law in support of the 60 month exceptional sentence. We accept the State's concession because no written findings of fact or conclusions of law were entered regarding the exceptional sentence.

The Sentencing Reform Act requires that "the court shall set forth the reasons for its decision in written findings of fact and conclusions of law." RCW 9.94A.535. "[T]he entry of written findings is essential when a court imposes an exceptional sentence." *State v. Friedlund*, 182 Wn.2d 388, 393, 341 P.3d 280 (2015). In the event that a sentence departs from the standard range, written findings are sent to the Washington State Sentencing Guidelines Commission, along with the judgment and sentence. *Friedlund*, 182 Wn.2d at 394. Thus, if the trial court fails to enter such findings and conclusions, remand is required. *State v. Shemesh*, ___ Wn. App. ___, 347 P.3d 1096 (2015).

It is also imperative that the trial court observe the intent of the legislature, and the plain language of the statute informs the legislative intent. *State v. Hamedian*, No. 71253-5, 2015 WL 3970518 at *2 (Wash. June 29, 2015). The legislature deliberately chose to require "*written findings of fact and conclusions of law.*" RCW 9.94A.535 (emphasis added). The legislature

No. 46132-3-II

could easily have required oral or written findings of fact and conclusions of law, but it declined to do so. Instead, "'[a] trial court's oral or memorandum opinion is no more than an expression of its informal opinion at the time it is rendered. It has no final or binding effect unless formally incorporated into the findings, conclusions, and judgment.'" *Friedlund*, 182 Wn.2d at 394-95 (quoting *State v. Mallory*, 69 Wn.2d 532, 533–34, 419 P.2d 324 (1966)).

Here, the trial court erred in failing to enter written findings of fact and conclusions of law for an exceptional sentence. The trial court's sentence of 60 months was greater than the standard range for second degree assault of 3 to 9 months. Therefore, the trial court was required to enter written findings of fact and conclusions of law. RCW 9.94A.535. The court failed to do so. Thus, this case must be remanded so that the proper findings and conclusions may be entered. We accept the State's concession and remand the case for entry of the necessary findings and conclusions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

LEE, J.

3