IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30916-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| LUCKY JOE GUZMAN, | ) | |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Lucky Joe Guzman appeals his conviction for child molestation in the first degree. Following a bench trial, the trial court found two aggravating circumstances present and imposed an exceptional sentence. Mr. Guzman contends the trial court did not enter written findings of fact and conclusions of law supporting the imposition of the exceptional sentence. We disagree and affirm.

FACTS

The State charged Mr. Guzman with child molestation in the first degree and attempted first degree rape of a child. The information alleged two aggravating factors: (1) Mr. Guzman's victim was particularly vulnerable and (2) Mr. Guzman abused a position of trust to facilitate the crime. Following a bench trial, the judge convicted Mr. Guzman on the child molestation charge and found both aggravating circumstances

present. The trial court sentenced Mr. Guzman to a minimum of 135 months in prison, above the standard sentencing range.

In the trial court's oral ruling, it explained on the record its reasons for imposing an exceptional sentence. The judgment and sentence, in the section labeled "Exceptional Sentence," stated, "Findings of fact and conclusions of law are attached in Appendix 2.4." Clerk's Papers (CP) at 162. While no such appendix was attached, written findings of fact and conclusions of law relating to the trial court's oral ruling were entered. Mr. Guzman appealed.

## ANALYSIS

The issue is whether the trial court erred by not entering separate written findings of fact and conclusions of law articulating why it imposed an exceptional sentence. Mr. Guzman contends the existing written findings of fact and conclusions of law do not support the imposition of an exceptional sentence.

RCW 9.94A.535 states: "Whenever a sentence outside the standard sentence range is imposed, the court shall set forth the reasons for its decision in written findings of fact and conclusions of law." In *State v. Friedlund*, 182 Wn.2d 388, 393, 341 P.3d 280 (2015), the Washington Supreme Court held "the entry of written findings is essential when a court imposes an exceptional sentence." In so holding, the court reasoned (1) permitting verbal reasoning to substitute for written findings ignores the plain language of RCW 9.94A.535, (2) a written judgment and sentence affords a defendant finality, and (3) the absence of written findings hampers public accountability as both "the Sentencing Guidelines Commission and the public at large [cannot] readily

2

determine the reasons behind exceptional sentences." *Id.* at 394-95. Applying these principles, the *Friedlund* court remanded the case for entry of written findings and conclusions as the record was "devoid of written findings." *Id.* at 395.

Here, like in *Friedlund*, an oral ruling exists. But unlike in *Friedlund*, written findings of fact and conclusions of law exist. Those findings partly state:

> 24. As to the first aggravating factor . . . , the Court finds beyond reasonable doubt that [the victim] was particularly vulnerable at the time of this offense. She was not only vulnerable due to her young age of eight, but was even more vulnerable than a typical eight year old due to her illness that day. She was nauseous, lethargic and suffering from scarlet fever. She was on the defendant's couch trying to rest at the time of this offense.
>
> 25. As to the second aggravating factor . . . , the Court finds beyond reasonable doubt that the defendant acted in a position of trust and used that trust to facilitate the commission of this crime. The defendant is the grandfather of the victim. He was in a position of trust by virtue of his status as her grandfather. Additionally, the defendant was in a position of trust because he had assumed the duty to care for her on June 30, 2010 while [the victim] was sick. This trust gave the defendant access to [the victim.] The defendant then used that trust to attempt to persuade [the victim] to not disclose the nature of his actions by telling her that he would go to jail if she told anyone.

CP at 144. The trial court then concluded, "The defendant committed the offense against a particularly vulnerable victim and abused a position of trust to facilitate the crime. Each of the two aggravating factors have been proven beyond a reasonable doubt." CP at 145.

These findings and conclusion adequately articulate "substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.535. These written findings and conclusions comport with the plain language of RCW 9.94A.535 and afford Mr.

3

No. 30916-9-III
*State v. Guzman*

Guzman finality. Nevertheless, Mr. Guzman argues these findings and conclusion were entered under CrR 6.1(d)[1] and thus cannot substitute for those required by RCW 9.94A.535 because CrR 6.1(d) findings do not go to the Sentencing Guidelines Commission. While the written findings and conclusions were not attached in an appendix to the judgment and sentence as indicated, nothing shows the written findings and conclusions were not sent to the Sentencing Guidelines Commission as required by CrR 7.2(d), a ministerial duty performed by the court clerk. Without such a showing, we cannot reason the written findings and conclusions hamper public accountability required by the Sentencing Reform Act. Thus, the trial court's written findings of fact and conclusions of law support the imposition of Mr. Guzman's exceptional sentence.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Fearing, J.

___

[1] CrR 6.1(d) requires the court when trying a case without a jury to enter findings of fact and conclusions of law.

4