# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50026-4-II |
| Respondent, | |
| v. | |
| BRIAN MCEVOY, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — In a previous appeal, we vacated two of Brian McEvoy's convictions and remanded the case for resentencing.  McEvoy appeals his exceptional sentence following remand, arguing that the resentencing court abused its discretion when it determined that it lacked the authority to reconsider the sentence for his remaining convictions and that the trial court erred by failing to enter written findings and conclusions in support of his exceptional sentence.  We agree and remand for the resentencing court to consider whether to exercise its discretion to resentence McEvoy for his remaining convictions and to enter findings of facts and conclusions of law if needed.

## FACTS

A jury found McEvoy guilty of second degree assault, fourth degree assault, two counts of felony harassment, unlawful imprisonment, interfering with reporting domestic violence, third degree malicious mischief, two counts of violation of a no contact order, felony stalking, attempting to elude a pursuing police vehicle, and second degree unlawful possession of a firearm.  The jury also returned special verdicts finding that the second degree assault and fourth

degree assault involved members of the same household and that the assaults occurred within the sight or sound of the victim's children.

At sentencing, the trial court imposed an exceptional sentence of approximately 234 months based on the jury's findings. The trial court did not enter written findings of fact and conclusions of law supporting McEvoy's exceptional sentence. McEvoy appealed his convictions, but he did not challenge his exceptional sentence. We determined that both of McEvoy's convictions for violation of a no contact order violated the double jeopardy prohibition because the two convictions merged with his conviction for felony stalking. Accordingly, we vacated McEvoy's convictions for violation of a no contact order and ordered "remand for resentencing consistent with [the] opinion." *State v. McEvoy*, No. 46795-0-II, slip op. at 24-25 (Wash. Ct. App. June 14, 2016) (unpublished). A mandate was issued for "further proceedings in accordance with the attached true copy of the opinion." Mandate, *State v. McEvoy*, No. 46795-0-II, at 1 (Wash. Ct. App. Nov. 8, 2016).

At the resentencing hearing, McEvoy argued that this court's mandate permitted the court to resentence him for his remaining convictions. The resentencing court declined to reconsider McEvoy's exceptional sentence, reasoning that it had discretion only to vacate McEvoy's convictions for violation of a no contact order. The resentencing court entered an order amending the original judgment and sentence and reduced McEvoy's exceptional sentence to a total of 214 months of incarceration. McEvoy appeals.

## ANALYSIS

McEvoy argues that the resentencing court abused its discretion when it determined that it lacked the authority on remand to resentence him for his remaining convictions and that the

trial court erred by failing to enter written findings and conclusions in support of his exceptional sentence. The State concedes that the trial court erred by failing to enter findings and conclusions. We agree that the resentencing court abused its discretion, and we accept the State's concession of error. Accordingly, we remand for the resentencing court to consider whether to exercise its discretion to resentence McEvoy for his remaining convictions. If the court declines to exercise its discretion, or exercises its discretion and imposes an exceptional sentence, we further instruct the resentencing court to enter findings of fact and conclusions of law supporting McEvoy's exceptional sentence.

## I. DISCRETION TO RESENTENCE

McEvoy argues that the resentencing court abused its discretion when it determined that it lacked the authority on remand to resentence him for his remaining convictions. The State argues that the law of the case doctrine precludes review of McEvoy's argument. We agree with McEvoy.[1]

The law of the case doctrine provides that once there is an appellate court ruling, its holding must be followed in all subsequent stages of the same litigation. *State v. Schwab*, 163 Wn.2d 664, 672, 185 P.3d 1151 (2008). RAP 2.5(c)(1) restricts the law of the case doctrine, providing that, on remand, a trial court has the discretion to revisit an issue that was not the subject of the earlier appeal and exercise its independent judgment. *See State v. Kilgore*, 167 Wn.2d 28, 38-39, 216 P.3d 393 (2009). A trial court abuses its discretion when it fails to

---

[1] Because we remand for the resentencing court to consider whether to exercise its discretion to resentence McEvoy, we do not reach McEvoy's arguments that the trial court's reasons for imposing an exceptional sentence were not substantial and compelling and that the exceptional sentence was clearly excessive.

recognize its discretion. *State v. McFarland*, 189 Wn.2d 47, 58, 399 P.3d 1106 (2017); *see In re Pers. Restraint of Mulholland*, 161 Wn.2d 322, 334, 166 P.3d 677 (2007).

A trial court's discretion on remand is limited by the scope of the appellate court's mandate. *Kilgore*, 167 Wn.2d at 42. When the appellate court's opinion states that the court orders remand for resentencing, the resentencing court has broad discretion to resentence on all counts. *State v. Toney*, 149 Wn. App. 787, 792, 205 P.3d 944 (2009). Conversely, the resentencing court does not have discretion to resentence on all counts "when the appellate court remands for the trial court to enter only a ministerial correction of the original sentence."[2] 149 Wn. App. at 792.

McEvoy did not challenge his exceptional sentence in his first appeal. In the first appeal, we determined that two of McEvoy's convictions violated double jeopardy under the merger doctrine. This court's mandate ordered "remand for resentencing" consistent with the court's opinion. *McEvoy*, No. 46795-0-II, slip op. at 24-25. On remand, McEvoy argued that the resentencing court had the discretion to reconsider his exceptional sentence for his remaining convictions. The resentencing court declined to do so, reasoning that it was "unaware of any case law that would indicate that I have any discretion to resentence him to anything other than what the mandate tells me to do." Report of Proceedings (RP) (Jan. 27, 2017) at 3.

This court's opinion remanded McEvoy's case for "resentencing." The accompanying mandate instructed the trial court to engage in further proceedings in accordance with the

---

[2] If a trial court recognizes, but declines to exercise, its discretion on remand to reconsider an exceptional sentence and simply corrects an original judgment and sentence, no appealable issues remain. *Kilgore*, 167 Wn.2d at 40-41. In such instance, the defendant would be barred from challenging his exceptional sentence in a second appeal by the law of the case doctrine. *See* 167 Wn.2d at 41.

opinion. Thus, the mandate gave the resentencing court broad authority to conduct a new sentencing hearing. As a result, the resentencing court had the discretion to resentence McEvoy on all counts. The resentencing court failed to recognize its discretion when it determined that it did not have the authority to resentence McEvoy for his remaining convictions. Accordingly, the resentencing court abused its discretion.

## II. Entry of Written Findings and Conclusions

McEvoy also argues that the trial court erred by failing to enter written findings and conclusions in support of an exceptional sentence. The State concedes error. We accept the State's concession.

RCW 9.94A.535 requires that whenever an exceptional sentence is imposed, "the court shall set forth the reasons for its decision in written findings of fact and conclusions of law." Remand is required when a trial court fails to enter written findings of fact and conclusions of law to support an exceptional sentence. *State v. Friedlund*, 182 Wn.2d 388, 395, 341 P.3d 280 (2015). Here, the trial court failed to enter written findings and conclusions to support McEvoy's exceptional sentence. As a result, we remand and instruct the court to enter written findings and conclusions if it exercises its discretion to either not resentence McEvoy or resentence McEvoy and impose an exceptional sentence.

We remand for the resentencing court to consider whether to exercise its discretion to resentence McEvoy for his remaining convictions. Should the court decline to exercise its discretion, or exercise its discretion and impose an exceptional sentence, we further instruct the resentencing court to enter findings of fact and conclusions of law supporting the exceptional sentence.

No. 50026-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, C.J.

_____
Lee, J.