IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79061-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEVONTE MALIK CRAWFORD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 16, 2019 |
| | ) | |

PER CURIAM — Devonte Crawford appeals the sentence imposed following his guilty pleas to first degree robbery and first degree assault. He argues, and the State concedes, that the trial court failed to enter written findings and conclusions supporting its exceptional sentence, and that this court must remand for entry of the omitted findings and conclusions. See RCW 9.94A.535; State v. Friedlund, 182 Wn.2d 388, 394, 341 P.3d 280 (2015) (holding that *written* findings and conclusions are required and that resorting to oral findings and conclusions would be contrary to the plain language of the statute). We accept the State's concession and remand for entry of written findings of fact and conclusions of law.

In a Statement of Additional Grounds for Review, Crawford contends his counsel was ineffective for failing to seek a lower sentence. He claims his counsel "never argued or had the mitigation expert argue mitigating factors. Defendant had clear and convincing mitigating factors to explain his reasoning

and lack of remorse. SEE (Mitigating Packet)." SAG at 1. The record belies this claim.

Crawford's counsel argued at great length for a reduced sentence. Counsel discussed the contents of the mitigation packet and noted Crawford's history of childhood sexual and physical abuse, mental health issues, traumatic brain injury, and PTSD. Counsel also explained the full context of Crawford's statement that "I should have just killed him."

Crawford next contends his counsel was ineffective for telling him he "was better off killing the victim!" because Crawford repeated that statement in a text and his text resulted in "a Higher Sentence for Lack of Remorse." SAG at 1. But Crawford's counsel explained at sentencing that her statement to Crawford simply noted the fact that the State was at one point seeking more prison time than if "we had been in a regular sentencing range homicide." Moreover, the sentencing court based its lack of remorse finding primarily on Crawford's indifference immediately after the assault and the "LOL" that followed his "better off killing the victim" in his text.

Crawford contends he did not understand the import of the portion of his Statement on Plea of Guilty stating: "I later exhibited lack of remorse by writing I would have been better off had I killed him." Crawford claims he "didn't understand that part of the plea and that [he] would get more time." SAG at 1. The plea statement, however, expressly informed Crawford that the judge could impose an exceptional sentence above the standard range based on aggravating circumstances. It also stated that Crawford was pleading guilty to first degree

robbery "with a special allegation of aggravating circumstance of lack of remorse." Directly above Crawford's signature, the plea statement stated: "My lawyer has explained to me, and we have fully discussed, all of the above paragraphs . . . . I understand them all. . . . . I have no further questions to ask the judge." Similarly, Crawford told the court at the plea hearing that he understood the Statement on Plea of Guilty "in its entirety."

Crawford argues that his counsel gave him "bad advice to plea[d] to lack of remorse." This argument fails for several reasons. First, the record is silent as to counsel's plea negotiations and whether the State insisted on, or defense counsel offered, this stipulation in order to reach a plea agreement. The argument thus involves matters outside the record. State v. McFarland, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995) (matters outside the record must be raised in a personal restraint petition). Second, as noted above, the court relied primarily on indicia of lack of remorse that were not included in Crawford's stipulation to that aggravating factor.

Crawford next contends the court should have considered his youth, mental capacity, and childhood abuse. But all of these factors were either discussed in the mitigation package, which the court expressly considered, or were mentioned in the court's oral ruling at sentencing. The court stated in part:

> I want to note that I have considered the mitigation materials that were provided by [Defense counsel] in support of his client, as well as what I know about the cognitive and emotional development of youthful offenders. Youth, as the courts say, is not a per se mitigating factor in a legal sense, but it is something that the courts are tasked with considering in issuing a just and fair sentence, and I've done so in making this decision.

Crawford's arguments that his counsel "failed to prepare a proper defense" and was ineffective for allegedly failing to consider or obtain a diminished capacity defense, pre-trial mental evaluation, or an "Expert Mitigation Specialist" are too conclusory to merit review under RAP 10.10(c) and involve matters outside the record.

Finally, Crawford contends his offender score was incorrectly calculated because his prior juvenile offense should have counted as "half a point and rounded off to zero." But Crawford's prior juvenile conviction – second degree assault domestic violence – is classified as a violent offense and his current offenses are classified as violent and serious violent offenses. Former RCW 9.94A.030 (46), (55). Accordingly, his prior juvenile offense counted two points. RCW 9.94A.525 (8), (9).

Affirmed in part and remanded in part.

FOR THE COURT: