IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52875-4-II |
| Respondent, | |
| v. | |
| MARSHALL JAY LEWIS, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Marshall Lewis pleaded guilty to intimidating a witness and felony harassment, stipulating that both crimes were aggravated domestic violence offenses. Lewis appeals from the exceptional sentence imposed following his guilty plea convictions, asserting that the trial court failed to enter the required written findings in support of the exceptional sentence. We affirm.

FACTS

The State charged Lewis with intimidating a witness and felony harassment, alleging that both were aggravated domestic violence offenses committed as part of an ongoing pattern of psychological abuse manifested by multiple incidents over a prolonged period of time and/or with deliberate cruelty or intimidation of the victim. Lewis pleaded guilty to both charges and stipulated to the domestic violence aggravating factors.

At sentencing, the State requested the trial court impose an exceptional sentence of 120 months to run consecutive to Lewis's sentence in a separate matter. Lewis requested a low-end standard range sentence of 67 months, also to run consecutive to his other sentence. The trial

No. 52875-4-II

court imposed an exceptional sentence of 100 months to run consecutive with Lewis's sentence in the separate matter.

The trial court entered written findings stating the parties had stipulated that Lewis committed aggravated domestic violence offenses, and it entered the following written conclusions of law in support of the exceptional sentence:

1. Pursuant to the stipulation of the parties, the aggravating circumstance under RCW 9.94A.535(3)(h)(i) and (iii), that the defendant committed a crime of aggravated domestic violence, is present as to Counts I and II.

2. A sentence within the standard range of 67-89 months in Count I and 43-57 months in Count II would constitute a manifest injustice.

3. An exceptional sentence above the standard range is appropriate in this case.

Clerk's Papers (CP) at 22. The trial court also checked a box on Lewis's judgment and sentence form next to preprinted language stating, "**Exceptional Sentence.** The court finds substantial and compelling reasons that justify an exceptional sentence." CP at 10. Lewis appeals from his exceptional sentence.

## ANALYSIS

Lewis contends that the trial court's written findings and conclusions were insufficient to support an exceptional sentence because they did not include a specific finding that "there are substantial and compelling reasons justifying an exceptional sentence." This contention lacks merit.

RCW 9.94A.535 sets forth the procedure for imposing an exceptional sentence and provides in relevant part:

The court may impose a sentence outside the standard sentence range for an offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence. Facts supporting

2

aggravated sentences, other than the fact of a prior conviction, shall be determined pursuant to the provisions of RCW 9.94A.537.

Whenever a sentence outside the standard sentence range is imposed, the court shall set forth the reasons for its decision in written findings of fact and conclusions of law.

Lewis does not argue that the trial court lacked a sufficient legal basis to impose an exceptional sentence as he had stipulated that his offenses were aggravated under RCW 9.94A.535(3)(h)(i) and (iii). Instead, Lewis argues only that the trial court failed to follow the procedural requirements of RCW 9.94A.535 by failing to enter a specific written finding that there were substantial and compelling reasons justifying the exceptional sentence.

In support of this argument, Lewis relies on *State v. Friedlund*, 182 Wn.2d 388, 394-95, 341 P.3d 280 (2015), in which our Supreme Court held that oral findings of fact and conclusions of law are insufficient to support the imposition of an exceptional sentence because the plain language of RCW 9.94A.535 requires written findings and conclusions. The *Friedlund* Court stated that the appropriate remedy for a trial court's failure to enter the required written findings and conclusions is to remand for the entry of the required findings and conclusions. 182 Wn.2d at 395.

In holding that written findings and conclusions are required under the statute, the *Friedlund* Court did not dictate that the trial court's written findings must mirror RCW 9.94A.535's language "that there are substantial and compelling reasons justifying an exceptional sentence." But, even assuming for the sake of argument that RCW 9.94A.535 requires a trial court to enter written findings mirroring this language, here the trial court satisfied that requirement by entering the written finding on Lewis's judgment and sentence, which provided, "**Exceptional Sentence.** The court finds substantial and compelling reasons

3

No. 52875-4-II

that justify an exceptional sentence." CP at 10. Accordingly, Lewis's argument lacks merit and we affirm his exceptional sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, A.C.J.

Cruser, J.

4