**FILED**
**JULY 2, 2020**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36944-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MATTHEW S. MCNEIL, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — During the same sentencing hearing, the superior court sentenced

Matthew McNeil for three crimes prosecuted in three distinct proceedings. The

sentencing court imposed consecutive sentences for the three crimes. Because the court

did not enter a written finding of fact supporting an exceptional sentence, we, based on

RCW 9.94A.589(1), vacate the sentences and remand for resentencing.

FACTS

This appeal is one of three unconsolidated appeals concerning the sentencing in

one day of Matthew McNeil for three crimes. This appeal concerns the charge of

attempting to elude a law enforcement officer, the first crime in chronological order.

Each appeal presents the same question of whether the sentencing court could impose

consecutive sentences for the three offenses.

On June 12, 2017, at 1:13 a.m., Matthew McNeil fled from a traffic stop after Spokane County Sheriff Deputy Matthew Ennis saw McNeil run a stop sign on Country Homes Boulevard. As Deputy Ennis trailed McNeil's motorcycle, Ennis learned that McNeil had a felony arrest warrant. McNeil fled at over 100 miles per hour, passed several marked patrol vehicles in a 35 mile per hour speed zone, and ran several stop signs. McNeil crashed, and law enforcement arrested him. A search of his person revealed a switch blade knife.

PROCEDURE

On June 21, 2017, the State of Washington charged Matthew McNeil with attempting to elude a police vehicle and possession of a dangerous weapon. Before resolution of these charges, the State, on February 28, 2018, charged, in a separate prosecution, McNeil with attempting to elude a police vehicle stemming from a February 23, 2018 flight from the police.

The State of Washington and Matthew McNeil agreed to McNeil pleading guilty to both counts of attempting to elude a police vehicle. The State agreed to recommend to the sentencing court a prison-based drug offender sentencing alternative (DOSA) to include 12.75 months in custody and 12.75 months on community custody, with both sentences to run concurrently. The State also agreed to dismiss the dangerous weapon violation charge associated with the June 12, 2017 apprehension.

2

On September 5, 2018, Matthew McNeil pled guilty to the two distinct counts of attempting to elude a police vehicle. McNeil requested the court to continue his sentencing hearing for at least twelve weeks, so that he could participate in a parenting skills class, relationship class, and drug and alcohol treatment offered at the Geiger Correctional Center. The trial court granted his request and scheduled the sentencing hearing for January 2, 2019. The court later postponed the hearing until February 27, 2019. We do not know the reason for this second continuance.

While in custody awaiting sentencing on the two charges, Matthew McNeil and Emily Hammond agreed to smuggle controlled substances into the Geiger Correctional Facility. On February 26, 2019, Spokane County Detention Services listened to recorded telephone conversations between McNeil and Hammond, during which conversations McNeil asked Hammond to covertly mail him Suboxone. Later that day, a property custodian intercepted a letter addressed to McNeil and, after a diligent search, found clear strips secreted in the back seams of the envelope. The strips later tested positive for Suboxone.

Another recorded conversation caught Matthew McNeil requesting Emily Hammond to arrive early to court the next day, February 27, 2019, to attend McNeil's sentencing hearing from his previous two pleas. McNeil directed her to hide contraband in the bench cushion, on which he would sit, and to mark the area with a squirt of ketchup so that McNeil could locate the substance, conceal it within his body, and smuggle it into

3

the correctional facility. After law enforcement discovered the plot, the superior court continued the February 27 sentencing hearing until May 30.

At the sentencing hearing, on May 30, 2019, for the crimes of attempting to elude a law enforcement officer, the State disclosed that, although sentencing had been continued before, the parties were attempting to reach a global resolution for all pending charges, and the State awaited confirmation that one of the substances sent by Emily Hammond tested positive as Suboxone. At the request of the State, the court continued the hearing to July 3, 2019, but declared that, if the parties had not reached a global settlement by July 3, the court would then impose a sentence on the two counts of eluding.

Before July 3, 2019, the parties reached a global resolution which included Matthew McNeil pleading guilty to one count of conspiracy to deliver a controlled substance to resolve the new charges. On July 3, 2019, the State amended the information in this case to charge one count of conspiracy to commit delivery of a controlled substance. McNeil pled guilty to the charge. With the plea, McNeil had a 9+ offender score and faced a standard range sentence of twenty-two to twenty-nine months for each of the attempting to elude offenses and zero to twelve months for the controlled substance offense. McNeil had twenty-one earlier felony convictions.

The superior court proceeded with sentencing for all three offenses on July 3, 2019. At the sentencing hearing, the State informed the court of a joint sentencing

4

recommendation, in which the State and McNeil agreed to request a prison-based, concurrent DOSA sentence of 12.75 months in custody and another 12.75 months on community supervision for the attempting to elude offenses. For the conspiracy to deliver a controlled substance charge, the parties recommended six months of confinement, consecutive to the DOSA sentence. McNeil's trial counsel, during the hearing, acknowledged the joint recommendation for sentencing.

During the sentencing hearing, the sentencing court asked Matthew McNeil whether he had participated in a DOSA sentence before and if he had successfully completed the sentence. McNeil responded:

> I was—kind of. It was—they —I went through in Airway Heights and it was kind of like a . . . training class that they did. I completed the class, but it wasn't—like, the facilitator wasn't really . . . kind of hard to explain. But, like, my group that went in there was the first group that they kind of allowed some money that got us in there. We got a four-month class for the group. And the facilitator wasn't really qualified for the job. And so I completed his class, but it wasn't really a treatment-based class.

RP at 29.

During his oral ruing at the conclusion of the sentencing hearing, the sentencing court weighed the joint recommendation with Matthew McNeil's lengthy criminal history, the purposes of rehabilitation, and the facts behind McNeil's three current convictions. Thereafter, the court declined to follow the joint recommendation. The court commented:

> Here you have two counts of attempting to elude. . . .

. . . .

On each of those two cases, the Court's required to impose a sentence, for the most part, between 22 to 29 months unless the Court gives you a Drug Offender Sentencing Alternative. But based upon your offender score, the Court can also go above that and impose an exceptional sentence because your offender score is so far beyond the maximum of nine and a crime would be unpunished if the Court were to run these concurrent.

With all that said, I firmly believe in rehabilitation. I think that if you were to get your drug addiction under control it would probably help everything. But at the same time, for 27 years people have been trying to assist you in resolving your problem. And it's one thing to get a possession charge. It's another thing to be going a hundred miles an hour down Country Homes while running from the police and then run from the police a second time and almost strike a patrol vehicle.

So as much as I respect the recommendation here, it seems that, first, one charge will go unpunished, at least one if the Court follows the recommendation. Secondly, I'd rather use our resources of the DOSA program on someone who might benefit from that. It [sic] think after 27 years, I hate to say it, but I'm more or less giving up and thinking maybe just incarceration will resolve the problem.

RP at 31-32.

The trial court sentenced Matthew McNeil to twenty-nine months for each count of attempting to elude and twelve months for the conspiracy to possess a controlled substance charge. The sentencing court ordered McNeil to serve each sentence consecutive to the others, for a total of seventy months. In the judgment and sentence, the sentencing court made no entry imposing an exceptional sentence.

LAW AND ANALYSIS

The only questions on appeal surround the consecutive sentences imposed on Matthew McNeil. McNeil contends that the sentencing court lacked authority to sentence

6

him to consecutive sentences under RCW 9.94A.589. McNeil requests that his sentence

be vacated and the case be remanded for resentencing. The State concedes that the

sentencing court lacked authority to sentence McNeil to consecutive sentences.

Nevertheless, the State simply requests that McNeil's sentence be remanded for the entry

of written findings in support of McNeil's exceptional sentence.

*Issue 1: Whether the sentencing court possessed authority to impose consecutive*

*sentences for the three crimes, despite sentencing occurring on the same day, because of*

*the delay in the sentencing of the two attempting to elude offenses?*

*Answer 1: No.*

RCW 9.94A.589 controls the question of whether the sentencing court may

impose concurrent sentences or consecutive sentences. The statute declares, in relevant

part:

> (1)(a) Except as provided in (b), (c), or (d) of this subsection, whenever a person is to be sentenced for *two or more current offenses*, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. *Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535.*

(Emphasis added.) RCW 9.94A.589 presents the general rule that "current offenses"

shall be sentenced concurrently. Another section of the sentencing reform act defines

7

"current offense" as:

> Convictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed "other current offenses" within the meaning of RCW 9.94A.589.

RCW 9.94A.525(1). Thus, sentences imposed on the same day must be sentenced concurrently, unless sentenced under the exceptional sentence provisions of RCW 9.94A.535. *In re the Personal Restraint of Finstad*, 177 Wn.2d 501, 507, 301 P.3d 450 (2013).

RCW 9.94A.535 allows the sentencing court to enter an exceptional sentence, including consecutive sentences for crimes sentenced on the same day, under numerous circumstances. One circumstance is when "the defendant committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished." RCW 9.94A.535(2)(c). For the court to impose an exceptional sentence, the court must "set forth the reasons for its decision in written findings of fact and conclusions of law." RCW 9.94A.535. A written finding is essential. *State v. Friedlund*, 182 Wn.2d 388, 341 P.3d 280 (2015). No court has addressed whether a corresponding written conclusion of law is essential.

Matthew McNeil's sentencing court mentioned, during the hearing, that he could impose an exceptional sentence on McNeil because of McNeil's excessive offender score. But the court did not declare that he would impose an exceptional sentence, nor

did the court enter any finding or conclusion of law favoring or approving an exceptional sentence.

Matthew McNeil's sentencing court sentenced McNeil on the same day for one conviction of conspiracy to possess a controlled substance and two convictions for attempting to elude a police vehicle. Accordingly, McNeil insists that the superior court could not impose consecutive sentences without declaring an exceptional sentence. We agree.

*Issue 2: What remedy should this court issue as a result of the erroneous consecutive sentences?*

*Answer 2: We remand to the superior court for resentencing.*

The trial court observed, in its oral ruling, that McNeil's high offender score could result in an offense going unpunished, and that the court had authority to impose an exceptional sentence. Because of these comments, the State asks us to remand to the sentencing court for the sole purpose of entry of a finding of fact that the grant of concurrent sentences would allow McNeil to go unpunished for one or two of his new crimes.

Matthew McNeil contends that his sentence must be vacated and remanded for resentencing. He does not expressly seek to preclude the superior court, during resentencing, from entering a written finding of fact that would validate an exceptional sentence or consecutive sentences. We understand the different position of the parties to

9

lie in the State's desire for this court to merely direct the court to enter a written finding that the free crimes aggravator applies, while McNeil wants the superior court to exercise discretion during an entirely new hearing as to what sentence to impose, including whether to run the sentences for two or more offenses consecutively.

The State relies on *State v. Friedlund*, 182 Wn.2d 388, 341 P.3d 280 (2015). In *Friedlund*, the trial court sentenced John Friedlund to 120 months in prison, above the standard range sentence of three to nine months. The trial court explained its reasons for imposing an exceptional sentence on the record at sentencing. But when the court signed the judgment and sentence, no written findings were entered. Thereafter, the superior court retroactively entered appropriate findings. The *Friedlund* court held that the remedy for a trial court's failure to enter written findings of fact and conclusions of law is to remand the case for entry of those findings and conclusions. *State v. Friedlund*, 182 Wn.2d at 395.

Matthew McNeil contends *State v. Rasmussen*, 109 Wn. App. 279, 286, 34 P.3d 1235 (2001) provides the proper remedy for his case. Andrew Rasmussen was convicted of four crimes committed on three different dates. The superior court sentenced all counts on the same day, and the trial court imposed consecutive sentences, but the trial court did not did not consider whether aggravating circumstances warranted imposition of an exceptional sentence. The *Rasmussen* court vacated the sentence and remanded the case for resentencing.

10

We deem *State v. Rasmussen*, not *State v. Friedlund*, analogous. Matthew McNeil's sentencing court discussed grounds for the imposition of an exceptional sentence, but did not expressly state that he wished to enter an exceptional sentence. Thus, a full rehearing is due.

CONCLUSION

We remand for the sentencing court to perform resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, C.J.

11