# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52784-7-II |
| Respondent, | |
| v. | |
| TERRY WAYNE SHEPARD, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Terry W. Shepard appeals his sentence for one count of attempted rape in the second degree and two counts of indecent liberties. Shepard argues that (1) the trial court erred by imposing an exceptional sentence based on the victims' particular vulnerability when the legislature had already considered the victims' disabilities in setting the standard sentencing range, (2) the trial court erred by imposing an exceptional sentence based on the defendant's use of his position of trust to facilitate the crimes when the legislature had already considered the defendant's supervisory authority in setting the standard sentencing range, and (3) this case should be remanded for resentencing because the imposition of the exceptional sentence was not justified.

The trial court failed to enter written findings of fact and conclusions of law to support the exceptional sentence. Therefore, we remand the case for an entry of written findings of fact and conclusions of law for its exceptional sentence.

FACTS

Terry Shepard was an attendant counselor at the Rainier State School, which housed developmentally-delayed individuals. M.S. and M.C.[1] were residents and roommates at the facility. M.S. and M.C. were in "Pat C" a designated area for those who "still need help, but they can do a lot of things on their own." Verbatim Report of Proceeding (VRP) (June 4, 2018) at 471. They both had the intellectual level of a four to seven year old. M.S., who was 57 years old, was nonverbal, and used sign language to talk to staff. M.C., who was around 65 years old, was able to talk, but she could not walk and needed help with her personal hygiene needs.

On the night of November 12-13, 2016, Shepard was working the graveyard shift. Shepard's co-worker, Hunter Shear, found Shepard, in M.S.'s room with his pants and underpants at his knees. Shepard was "holding [M.S.]'s legs to her chest, and going back and forth, such as a sexual motion." VRP (June 4, 2018) at 444. M.S.'s clothes were off. Shear called the duty office, who called the police. Shepard was arrested.

On November 14, 2016, Mohammad Jazaieri, a psychologist at the facility, spoke to M.C. to check on her after the incident. M.C. stated that Shepard put his penis inside her and had touched her breasts. M.C. also stated that Shepard had touched her on more than one occasion.

On June 12, 2018, the State charged Shepard by Second Amended Information with one count of rape in second degree and two counts of indecent liberties. All three counts were alleged to be aggravated by the following circumstances: the defendant used his position of trust, confidence, or fiduciary responsibility to facilitate the commission of the current offense and the

---

[1] We use initials to protect the victims' privacy interests.

defendant knew or should have known that the victim was particularly vulnerable or incapable of resistance.

At Shepard's jury trial, seventeen witnesses testified for the State and one witness testified for the defense. The jury found Shepard guilty of one count of attempted rape in the second degree and two counts of indecent liberties. The jury also found that all three crimes were aggravated by Shepard knowing that the victim was particularly vulnerable and that Shepard used his position of trust, confidence, or fiduciary responsibility to facilitate the commission of the crime.

The standard sentencing range for attempted rape in the second degree is 109.5-145.5 months to life. And the standard sentencing range for indecent liberties is 57 to 75 months. The trial court sentenced Shepard to 145.5 months to life for the attempted rape in the second degree conviction and 75 months each for the indecent liberties convictions, and ordered that Shepard serve his sentences consecutively as an exceptional sentence for a total of 295.5 months. The trial court gave an exceptional sentence based on its agreement with the jury's findings that the victims were particularly vulnerable and that Shepard violated his position of trust. The trial court orally stated its findings and conclusions. The trial court did not enter written findings of fact or conclusions of law.

Shepard appeals his exceptional sentence.

## ANALYSIS

A.    STANDARD OF REVIEW FOR EXCEPTIONAL SENTENCES

Sentences must generally fall within the standard sentence range established by the Sentencing Reform Act of 1981. RCW 9.94A.505(2)(a)(i). The court may impose a sentence

outside the standard range for an offense if it finds "that there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.535. An aggravated exceptional sentence is appropriate when certain aggravating factors have been determined. RCW 9.94A.535(2), (3).

We review (1) whether the record supports the finding on the aggravating circumstances under the clearly erroneous standard, (2), whether, as a matter of law, the reasons justify an exceptional sentence under a de novo standard, and (3) whether the sentence is clearly excessive or too lenient under an abuse of discretion standard. *State v. Law*, 154 Wn.2d 85, 93, 110 P.3d 717 (2005). Because Shepard only challenges the reasons the trial court used to justify an exceptional sentence, we review the issue under a de novo standard. *See id*.

Our legislature has specified that findings of particular vulnerability and using a position of trust to facilitate the commission of the crime justify an exceptional sentence. RCW 9.94A.535(3)(b); (3)(n). Moreover, the factual basis for these findings are within the province of the jury. *Blakely v. Washington*, 542 U.S. 296, 301-04, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). If the jury finds the alleged aggravating circumstances beyond a reasonable doubt, the trial judge is bound by the jury's finding and left "only with the legal conclusion of whether the facts alleged and found were sufficiently substantial and compelling to warrant an exceptional sentence." *State v. Suleiman*, 158 Wn.2d 280, 290-91, 143 P.3d 795 (2006).

B.      NO WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW

"Whenever an exceptional sentence is imposed, 'the court shall set forth the reasons for its decision in written findings of fact and conclusions of law.'" *State v. Shemesh*, 187 Wn. App. 136, 148, 347 P.3d 1096, *review denied*, 184 Wn.2d 1007 (2015) (quoting RCW 9.94A.535).

"When a trial court imposes an exceptional sentence, the [Sentencing Reform Act of 1981 (SRA)] requires the court to 'set forth the reasons for its decision in *written findings of fact and conclusions of law*.'" *State v. Friedlund*, 182 Wn.2d 388, 394, 341 P.3d 280 (2015) (quoting RCW 9.94A.535). "We hold that the SRA's written findings provision requires exactly that—*written findings*. Permitting verbal reasoning—however comprehensive—to substitute for written findings ignores the plain language of the statute." *Id*. "Allowing courts to ignore the written findings requirement would also run contrary to the SRA's explicit statutory purpose of 'mak[ing] the criminal justice system accountable to the public.'" *Id*. at 395 (quoting RCW 9.94A.010). Remand is required when a trial court fails to enter written findings of fact and conclusions of law to support an exceptional sentence. *Id*.

Here, the trial court imposed an exceptional sentence but did not enter written findings of fact and conclusions of law. While the trial court was bound by the jury's findings of particular vulnerability and using a position of trust to facilitate the commission of the crime, the trial court had to conclude in writing that the facts found were sufficiently substantial and compelling to warrant an exceptional sentence. *See Suleiman*, 158 Wn.2d 290-91; *Friedlund*, 182 Wn.2d at 394-95. Therefore, we remand this case to the trial court to enter written findings of fact and conclusions of law for its exceptional sentence.

No. 52784-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, C.J.

We concur:

Glasgow, J.

Cruser, J.