IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39372-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ANTHONY ROBERT FULKERSON, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — A jury convicted Anthony Fulkerson of 16 felonies, all related to sex offenses against minor children. The court imposed an exceptional sentence upward, but did not enter written findings of fact and conclusions of law as required by the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. We remand with instructions to correct this omission. On remand, the court shall also strike the crime victim penalty assessment (VPA) and DNA collection fee in accordance with recent statutory changes.

FACTS

Mr. Fulkerson was charged with 16 felonies related to sexual abuse of his minor stepdaughters and possession of depictions of minors engaged in sexually explicit conduct. A jury convicted Mr. Fulkerson of all counts. The jury also found, through special interrogatory, 4 aggravating circumstances for 12 of the counts that involved:

(1) an ongoing pattern of sexual abuse over a long period of time, RCW 9.94A.535(3)(g), (2) aggravated domestic violence, RCW 9.94A.535(3)(h), (3) a destructive and foreseeable impact on other persons, RCW 9.94A.535(3)(r), and (4) Mr. Fulkerson using his position of trust to facilitate said offense, RCW 9.94A.535(3)(n). For 10 counts, the jury also found that Mr. Fulkerson and the victims were part of the same family household.

At sentencing, the State presented two arguments in favor of an exceptional sentence. First, the State pointed to the various aggravators that had been found by the jury. Second, the State argued that Mr. Fulkerson's multiple convictions resulted in an offender score that far exceeded what was contemplated by the sentencing grid, thus resulting in a number of convictions going unpunished. The State recommended a 40-year (480-month) term of confinement. Defense counsel conceded that the sentencing court possessed the authority to impose an exceptional sentence, but recommended a sentence at or close to the standard range.

In its oral ruling, the sentencing court justified an exceptional sentence based on the aggravating factors found by the jury as well as the fact that some of Mr. Fulkerson's crimes would go unpunished under concurrent sentencing due to the high offender score. The court imposed above-range sentences for 5 of the 16 counts (counts 1, 4, 6, 8, and 10)

and also ran 3 of the counts consecutively (counts 1, 2, and 4). In justifying this

disposition, the court commented that "an aggravated sentence [was] appropriate."

Rep. of Proc. (Dec. 5, 2022) at 326. The total sentence imposed was 300 months.

The court issued a standard felony judgment and sentence form related to Mr.

Fulkerson's sentence. Section II of the form is entitled "Findings." Clerk's Papers (CP)

at 218. Section 2.4 addresses "Exceptional Sentence" findings. *Id*. at 223. This section

begins on page six of the form and indicates Mr. Fulkerson received an above standard

range sentence for Counts 1 through 12. Section 2.4 is continued onto page seven of the

form and includes check boxes meant to designate the reasons for any aggravated

sentence.

Unfortunately, Mr. Fulkerson's judgment and sentence form includes two page

sevens. On the first page seven, the court checked the box that immediately preceded

"found by jury, by special interrogatory." Clerk's Papers (CP) at 224. On the second page

seven, it is indicated that the aggravating factors were "found by the court after [Mr.

Fulkerson] waived jury trial. *Id*. at 225. Later in this same section of the form on both

page sevens, it indicates "[f]indings of fact and conclusions of law are attached in

Appendix 2.4. ☒ Jury's special interrogatory is attached." *Id*. Despite the form's

preprinted language referencing Appendix 2.4, neither the appendix nor any special interrogatory was attached to the judgment and sentence.

The judgment and sentence states that the court found Mr. Fulkerson was "indigent." *Id*. at 224-25. Nevertheless, the court imposed two legal financial obligations based on statutory requirements in effect at the time of the sentencing hearing: (1) a $500 VPA under former RCW 7.68.035 (2018), and (2) $100 DNA collection fee under former RCW 43.43.7541 (2018).

Mr. Fulkerson timely appeals.

## ANALYSIS

*Exceptional sentence*

RCW 9.94A.535 requires that "[w]henever a sentence outside the standard sentence range is imposed, the court shall set forth the reasons for its decision in written findings of fact and conclusions of law." Oral findings are insufficient. *State v. Friedlund*, 182 Wn.2d 388, 390, 341 P.3d 280 (2015). When a sentencing court fails to make written findings in support of a sentence outside the standard range, the remedy is remand. *Id*. "We review de novo whether a trial court's reasons for imposing an exceptional sentence meet the requirements of the SRA." *Id*. at 394.

The written judgment and sentence fails to set forth with clarity the reasons why the court imposed an exceptional sentence. On the first page seven, the court checked the box on the judgment and sentence form indicating the exceptional sentence was based solely on "[a]ggravating factors . . . found by the jury." CP at 224. But, the form also states that the aggravating factors were "found by the court." *Id*. at 225. And, the form suggests written findings of fact and conclusions of law would be "attached in Appendix 2.4." *Id*. at 225. However, no such attachment was included.

The judgment and sentence also fails to accurately reflect the counts for which the court imposed an exceptional sentence upward. As noted, the court imposed above-range sentences on counts 1, 4, 6, 8, and 10. And, the court ran counts 1, 2, and 4 consecutively. But, the written judgment and sentence states the court imposed exceptional sentences on counts 1 through 12. *Id*. at 223.

The current record fails to satisfy the SRA's requirement of written findings and conclusions. We therefore remand for this purpose. *Friedland*, 182 Wn.2d at 390. Given this disposition, it would be premature to address Mr. Fulkerson's substantive challenges to the court's sentence.

*Legal financial obligations*

Mr. Fulkerson contends that because his conviction is not yet finalized, he is

entitled to a waiver of his legal financial obligations due to recent statutory amendments. First, the VPA must be waived by the trial court's finding of indigence pursuant to RCW 7.68.035(4). Second, the DNA collection fee must be waived pursuant to RCW 43.43.7541(2). The State concedes that Mr. Fulkerson meets the necessary conditions for waiving these financial obligations, and agrees the obligations may be waived on remand. We accept the State's concession and remand accordingly.

## CONCLUSION

For the reasons set forth above, this matter is remanded for entry of written findings of fact and conclusions of law. On remand, the trial court shall also strike the VPA and the DNA collection fee.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____ _____
Lawrence-Berrey, C.J.     Cooney, J.